IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JONATHAN EDWARDS, #44510**                                               **PETITIONER**

**versus**                                                        **NO. 2:17cv206-KS-RHW**

**JACQUELYN BANKS**                                                        **RESPONDENT**

### REPORT AND RECOMMENDATION

Before the Court are [1] the Petition for Writ of Habeas Corpus filed December 19, 2017 by Jonathon Edwards pursuant to 28 U.S.C. § 2254, and [11] Respondent Jacquelyn Banks's March 26, 2018 motion to dismiss the petition due to Edwards' failure to exhaust state court remedies prior to filing the federal habeas petition. Edwards filed no response to the motion. Having reviewed and considered the pleadings, records on file, and relevant legal authority, the undersigned recommends that Respondent's motion be granted, federal habeas relief denied and the petition, dismissed.

### Facts and Procedural History

On January 18, 2017, Jonathon Edwards pled guilty in Marion County Circuit Court to a charge of Burglary of a Dwelling §97-17-32, Habitual Offender §99-19-81. On January 27, 2017 Edwards was sentenced, as a habitual offender, to serve 25 years in custody of the Mississippi Department of Corrections, the sentence to run concurrently with the 25-year sentence imposed on his guilty plea to a separate charge of burglary of a dwelling in Marion County Cause number K15-223. Edwards was further ordered to pay a fine of $1000, an assessment of $1,000 to the Public Defender's Office and all costs of court. [11-1], [11-2]

Edwards filed the present habeas petition on December 19, 2017, claiming that (1) his guilty plea was neither knowingly nor voluntarily entered; (2) investigating officers submitted false information; (3) he was illegally charged as a habitual offender under Mississippi Code §99-19-81; and (4) he received ineffective assistance of counsel.  Edwards' acknowledges that on September 8, 2017, he filed a Post-Conviction Relief motion, and his complaint repeatedly states that motion is still pending in the Marion County Circuit Court.  [1, pp. 3, 5-7, 9-11]  Respondent urges the petition should be dismissed because Edwards failed to exhaust state court remedies prior to filing this action.

Law and Analysis

Respondent submits, and Edwards acknowledges, that the claims raised in this federal habeas corpus petition have not been properly exhausted in the state courts.  "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court … prior to requesting federal collateral relief.  See, *Rose v Lundy*, 455 U.S. 509 (1982)." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v; Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  By statute:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

\*\*\*

>   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c). To satisfy the exhaustion requirement, a federal habeas petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. That is, the prisoner must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-842 (1999). Edwards concedes his post-conviction motion remains pending in the state court, he has therefore not exhausted available state court remedies, and he cannot be granted federal habeas relief under 28 U.S.C. § 2254.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Respondent's motion to dismiss be granted, and the petition, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation, a party may file written objections to it, specifically identifying findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Any response to objections must be filed within seven days after service. Failure to timely file written objections bars a party, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the

District Court to which he did not object. *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 25th day of June, 2018.

/s/ *Robert H. Walker*
**ROBERT H. WALKER**
**UNITED STATES MAGISTRATE JUDGE**