IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JONATHAN EDWARDS, #44510                                          PETITIONER

VS.                                                    CIVIL ACTION NO. 2:17cv206-KS-RHW

JACQUELYN BANKS                                                    RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE, ETC.

This cause is before the Court on Petition of Jonathan Edwards filed pursuant to 28 U.S.C. § 2254 [1], Respondent Jacquelyn Banks' Motion to Dismiss for Failure to Exhaust [11], the Report and Recommendation [12] filed by Magistrate Judge Robert H. Walker, Objection thereto [14] filed by Jonathan Edwards and Response in Opposition [16] to Objection filed by Respondent. The Court has considered the above described pleadings and the record and exhibits herein and finds as follows to wit:

1. FACTS AND PROCEDURAL HISTORY

On January 18, 2017, Jonathon Edwards pled guilty in Marion County Circuit Court to a charge of Burglary of a Dwelling §97-17-32, Habitual Offender §99-19-81. On January 27, 2017 Edwards was sentenced, as a habitual offender, to serve 25 years in custody of the Mississippi Department of Corrections, the sentence to run concurrently with the 25-year sentence imposed on his guilty plea to a separate charge of burglary of a dwelling in Marion County Cause number K15-223. Edwards was further ordered to pay a fine of $1000, an

assessment of $1,000 to the Public Defender's Office and all costs of court. [11-1], [11-2]

Edwards filed the present habeas petition on December 19, 2017, claiming that (1) his guilty plea was neither knowingly nor voluntarily entered; (2) investigating officers submitted false information; (3) he was illegally charged as a habitual offender under Mississippi Code §99-19-81; and (4) he received ineffective assistance of counsel. Edwards' acknowledges that on September 8, 2017, he filed a Post-Conviction Relief motion, and his complaint repeatedly states that motion is still pending in the Marion County Circuit Court. [1, pp. 3, 5-7, 9-11]. Since his filing, the Marion County Circuit Courtdenied his post conviction petition. Respondent urges the petition should be dismissed because Edwards failed to exhaust state court remedies prior to filing this action.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421

2

(5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND THE LAW AND ANALYSIS

The basis for the Recommendation of Dismissal is that Petitioner has not exhausted his State court remedies pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). In his pleadings Petitioner acknowledges that he has not exhausted his claim before the Courts of the State of Mississippi. Indeed his appeal in the underlying State court case is currently pending before the Mississippi Supreme Court (See Document 14-1) In his Objection Petitioner files the documents that were filed in his appeal to the Mississippi Supreme Court (See Document 14-1 through 14-6). The law is clear that only after exhausting claims in State Court is a Petitioner eligible to file for Federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844,(1999). Petitioner presents no valid argument as to why the claim should not be dismissed other than the timing is too short. However, his right to file a Federal habeas petition is still viable if and when the Mississippi Supreme Court or the Mississippi Court of Appeals denies his appeal. The one year statute of limitations is tolled while a post-conviction petition is pending in State court. Tolling is not an issue because Petitioner's habeas petition was timely filed. The Court is obligated to dismiss this Petition but will do so without prejudice.

### IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons

3

set forth above, this Court concludes that Edward's objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Robert H. Walker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Jonathan Edwarrds' claim is **dismissed without prejudice**. All other pending motions are DENIED AS MOOT.

SO ORDERED this, the  25th  day of October, 2018.

 s/Keith Starrett 
UNITED STATES DISTRICT JUDGE